Mr. Orin Eddy Montgomery Montgomery, Adams Wyatt, PLC 221 W. Second, Suite 408 Little Rock, AR 72201
Dear Mr. Montgomery:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning certain records in the possession of the City of Maumelle that have been requested by the local media.
You state that you represent Larry Bell, Chief of the City of Maumelle Department of Public Safety. Chief Bell has been suspended for five days on the basis of allegations that Chief Bell denies. You indicate that the Maumelle City Manager has advised Chief Bell that the city intends to release to the press the entire investigative file on these allegations.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). I note that you have not provided copies of the records that have been requested.
A determination of whether the city's decision is consistent with the FOIA will depend upon certain facts to which I am not privy, as well as upon the nature of the records that have been requested. Because I have not been able to review the requested records, and do not have all the pertinent facts, I am unable to issue a conclusive opinion as to whether the city's decision is consistent with the FOIA. Nevertheless, I will discuss the applicable law, as it impacts the facts that you have provided.
This office has consistently taken the position that internal investigation records involving specific incidents and specific employees constitute "job performance records," within the meaning of the FOIA, where those records detail the actions of employees within the scope of their employment. See Att'y Gen. Op. Nos. 99-359; 91-153; 91-003, 89-073, 89-036, and 88-162. Under the FOIA, "employee evaluation or job performance records" can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
I must note that it is my understanding that the allegations concerning Chief Bell are allegations of sexual harrassment. This office has previously opined that record of an investigation into allegations of sexual harassment constitute job performance records. See, e.g., Ops. Att'y Gen. Nos. 94-119; 88-162.
Assuming that the records contained in the investigative file concerning Chief Bell are records of an investigation into allegations of sexual harassment and that they do reflect specific incidents and detail the actions of Chief Bell within the scope of his employment, they are properly classified as "job performance records," and are subject to the disclosure standard set forth above.
You have not indicated whether Chief Bell has appealed the suspension decision, or whether the time for appeal has lapsed. The Attorney General has consistently opined that there has been no final administrative resolution of a termination or suspension decision until the appeal process has been completed (or until the time period for the appeal process has lapsed). See Ops. Att'y Gen. Nos. 99-359; 98-006.
If Chief Bell has appealed the suspension decision and there has not been a final resolution of that appeal, or if the time for him to appeal has not lapsed, the records may not be released (assuming, again, that they are properly classified as "job performance records"). If, on the other hand, the appeal process has been completed (or if the time for appeal has lapsed), the other elements of the disclosure standard must be examined. That is, a determination must be made as to whether the requested records formed the basis for the suspension decision, and whether there is a compelling public interest in the records.
The question of whether the requested records formed the basis for the suspension decision is a question of fact that can be readily determined. Your correspondence appears to indicate that the requested records contained in the investigative file that was requested did, in fact, form the basis for the suspension decision.
The question of whether there is a compelling public interest in the records is also a question of fact, but one that is more difficult to determine. The phrase "compelling public interest" is not defined in the FOIA, nor has the Arkansas Supreme Court judicially defined the phrase. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. A leading FOIA commentator has provided some guidelines for determining whether such an interest exists. "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question. . . ." WATKINS, The Arkansas Freedom of Information Act (mm Press 3d ed. 1998) at 146. "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public. If that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Id. at 145-46. The status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists.Id. at 146-47 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") I must note in this regard that Chief Bell is a high-ranking official within his governmental organization. Moreover, this office has consistently opined that the public does have a compelling interest in the release of job performance records relating to sexual misconduct. See, e.g., Ops. Att'y Gen. Nos. 94-119; 93-356 (records containing allegations of sexual misconduct of school superintendent give rise to compelling public interest); 89-073 (job performance records relating to sexual misconduct of police officers gives rise to a compelling public interest).
The foregoing discussion of the applicable law should provide a basis upon which a determination can be made by someone with access to both the records and all the relevant facts as to whether the city's decision to release the investigative file is consistent with the FOIA.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh